ANN ARBOR SAVINGS BANK *v.* ELLISON.

MORTGAGES—FORGERY—APPEAL.

> Upon a review of the evidence, the conclusion of the lower
> court that defendant never executed the mortgage sought to
> be foreclosed was affirmed.

Appeal from Wayne; Donovan, J.   Submitted June
10, 1897.   Decided June 28, 1897.

Bill by the Ann Arbor Savings Bank against Oscar L.
Ellison and Mary D. L. Ellison to foreclose a mortgage.
From a decree dismissing the bill as to defendant Mary,
complainant appeals.   Affirmed.

*James H. McDonald*, for complainant.

*V. J. Obenauer* (*Alfred Lucking*, of counsel), for
defendant Mary D. L. Ellison.

MONTGOMERY, J.   The bill in the present case was filed
to foreclose a real-estate mortgage purporting to be exe-
cuted by the two defendants, who are husband and wife
and tenants in the entirety in the property covered by the
mortgage.   The mortgage was executed to Abraham S.
Cody.   The defense interposed by Mrs. Ellison is that
the mortgage, as to her, was a forgery.   It is conceded
that Oscar L. Ellison signed the mortgage and accom-
panying note, and the complainant offered testimony tend-
ing to show that Mrs. Ellison signed the mortgage also,
by her mark.

Oscar L. Ellison made a contract with Cody for the
purchase of patent-right territory, and agreed to give a
mortgage upon the property in question, and a deed of
other property.   The mortgage and deed were prepared,
and taken to defendants' residence.   The execution of the
deed is admitted, and this was witnessed by the mother
of Mrs. Ellison, who was living in the house.   Her pur-

ported signature to the mortgage was not witnessed by the mother, but by the notary and another witness, who had witnessed the signing by the husband. It appears by the undisputed testimony that during the negotiations the husband had stated to Cody and to Lowrie, the notary, that his wife would not sign the mortgage. His version is that Lowrie then said to him that, if he ('Ellison) would sign the mortgage, he (Lowrie) could persuade Mrs. Ellison to sign it; that he executed it on this understanding, and accompanied Lowrie to the house; that the deed was signed; that Mr. Ellison then left the room for a few moments, returned to the room, inquired of Lowrie if all the papers were signed that it was necessary to sign, and was told that they were; that they then left to go down town, and Lowrie told him that he had secured Mrs. Ellison's signature. He further testifies that he learned the same night from his wife that she claimed not to have signed any papers except the deed. Mrs. Ellison and her mother both testify that but one paper was executed. This testimony was disputed by Lowrie, but it is significant that he did not inform Mrs. Ellison of the nature of the instrument, and this notwithstanding that he had previous notice that she had refused to sign the mortgage; and it is also significant that, while the deed was witnessed by the mother, no attempt was made to have an additional witness to the mortgage.

The circuit judge reached the conclusion that Mrs. Ellison never signed the mortgage. In a doubtful case, the determination of the trial judge, who has the opportunity of seeing the witnesses, is entitled to some weight, particularly in a case where there is a direct issue of veracity, and where the appearance of the witnesses upon the stand furnishes such direct aid in determining the fact.

On the whole case, we think the decree should be affirmed.

LONG, C. J., GRANT and MOORE, JJ., concurred. HOOKER, J., did not sit.